# ARMED SERVICES BOARD OF CONTRACT APPEALS

Application Under the Equal Access )
  to Justice Act of – )
                                      )

K&K Industries, Inc. )        ASBCA No. 61189
                                        )

Under Contract No. W912HY-11-C-0009 )

APPEARANCES FOR THE APPELLANT:      Terrence L. Brennan, Esq.
                                           Brian S. Schaps, Esq.
                                             Deutsch Kerrigan, L.L.P.
                                             New Orleans, LA

APPEARANCES FOR THE GOVERNMENT:   Michael P. Goodman, Esq.
                                           Engineer Chief Trial Attorney
                                           Clark Bartee, Esq.
                                           James Purcell, Esq.
                                           P. Alex Petty, Esq.
                                           Engineer Trial Attorneys
                                           U.S. Army Engineer District, Galveston

## OPINION BY ADMINISTRATIVE JUDGE PROUTY
## ON APPELLANT'S EQUAL ACCESS TO JUSTICE ACT APPLICATION

Pending before the Board is an application for fees and other expenses pursuant to the Equal Access to Justice Act (EAJA), 5 U.S.C. § 504, submitted by appellant, K&K Industries, Inc. (K&K). The underlying appeal was taken pursuant to the Contract Disputes Act, 41 U.S.C. §§ 7101-7109. *See K&K Industries, Inc.*, ASBCA No. 61189, 18-1 BCA ¶ 37,134 at 180,720. Familiarity with that decision is presumed. Because we find that K&K is an eligible, prevailing party, and that the government's position was not substantially justified, we grant K&K's application but reduce the requested recovery to that which is allowed by the EAJA.

## BACKGROUND

This appeal involves the above-captioned contract for the rehabilitation of four floodgates on the Brazos River in the Gulf Intracoastal Waterway, Texas. *K&K*, 18-1 BCA ¶ 37,134 at 180,720. During contract performance, K&K discovered that one of the large hinge castings, to which the floodgates were attached, was cracked. This necessitated the installation of a spare casting, which required substantial time and effort. As a consequence of the work installing the spare casting, on January 13, 2016, K&K submitted a certified claim to the contracting officer (CO) seeking additional

compensation and an extension of time on the contract. K&K submitted a revised claim to the CO on September 12, 2016. *Id.* at 180,722. On March 6, 2017, the CO approved a portion of the sought-for additional compensation and contract extension, denying the balance. *Id.* at 180,723. K&K then appealed to the Board. In our September 5, 2018 decision on the merits, we found that K&K was entitled to recover $61,092 plus interest for additional costs associated with the contract. *Id.* at 180,724. On November 15, 2018, K&K filed its application for fees and costs under the EAJA.

## DISCUSSION

As a partial waiver of sovereign immunity, the EAJA is to be strictly construed in favor of the United States. *Ardestani v. I.N.S.*, 502 U.S. 129, 137 (1991). To recover under the EAJA, an applicant must timely file its application, establish that it is an eligible party as defined by the EAJA, and prove that it was a prevailing party in the underlying action. *Rex Systems, Inc.*, ASBCA No. 52247, 02-1 BCA ¶ 31,760 at 156,854. Even if an applicant is otherwise qualified, an award may be denied if the government's position is determined to have been substantially justified, or if special circumstances make an award unjust. 5 U.S.C. § 504(a)(1).

The government does not contest K&K's status as a prevailing party or the timeliness of the application, and we find that K&K meets these prerequisites. Instead, the government argues that K&K failed to provide sufficient evidence that it is an eligible party; that the government's position was substantially justified; that the attorneys' fees requested should be capped at the statutory $125 hourly rate; and that travel costs for lay witnesses are not recoverable expenses. (Gov't opp'n at 2-5) In its reply, K&K submitted additional evidence supporting its position that it is an eligible party and argued that the government failed to meet its burden to show that its position in the underlying appeal was substantially justified (app. reply br. at 1-3). K&K did not respond to the government's arguments regarding the fee cap or the appropriateness of paying lay witness travel costs.

Eligibility

A party is generally eligible for consideration of an award of costs under the EAJA if it is an entity having a net worth of no more than $7,000,000 and no more than 500 employees at the time the adversary adjudication was initiated. 5 U.S.C. § 504(b)(1)(B)(ii). "Net worth is determined by subtracting an applicant's total liabilities from its total assets." *Kostmayer Construction, LLC*, ASBCA No. 55053, 09-2 BCA ¶ 34,302 at 169,440 (citing *Broaddus v. United States Corps of Engineers*, 380 F.3d 162, 167 (4th Cir. 2004)). K&K asserts that it is eligible to receive fees and expenses under the EAJA because it meets these criteria. The government questions the proof submitted by K&K.

2

To support its position that it is an eligible party, K&K submitted a financial statement with balance sheets as of December 31, 2015, and December 31, 2016, as part of its application. These showed a net worth of $6,156,323 and $6,145,576, as of those dates respectively. (App. br., ex. 3 at 3-5) Given how close these amounts were to the $7 million threshold, the government responded that appellant failed to meet the burden of presenting sufficient evidence of a net worth under $7 million and fewer than 500 employees as of May 31, 2017 (gov't opp'n at 4). The government allowed, however, that K&K could prove its eligibility by submitting a supplemental balance sheet better demonstrating its value at the time this appeal was initiated (*id.* at 5 (citing *Kostmayer Constr.*, 09-2 BCA ¶ 34,302 at 169,440)). K&K's response included a financial statement for the year ending on December 31, 2017, reflecting a net worth of $6,184,096, and an employee earnings summary dated May 2017, showing 48 employees as of May 2017 (app. reply, ex. 9 at 4-5, ex. 10). In light of K&K's additional financial statement, which is consistent with its earlier-filed statements, we are satisfied that K&K has proved that it is an eligible party.

Substantial Justification

The law regarding "substantial justification" and the EAJA is well established. The government bears the burden to show that its position was substantially justified. *Amaratek*, ASBCA Nos. 59149, 59395, 15-1 BCA ¶ 35,866 at 175,348 (citing *Lucia E. Naranjo*, ASBCA No. 52084, 00-2 BCA ¶ 30,937 at 152,707). To prevail on a substantial justification defense, the government is not required to prove that it had a substantial likelihood of success in the litigation; rather that "a reasonable person could think [the government's position is] correct, that is [that] it has a reasonable basis in law and fact." *Pro-Built Construction Firm*, ASBCA No. 59278, 18-1 BCA ¶ 36,975 at 180,116 (citing *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988); *Rex Sys.*, 02-1 BCA ¶ 31,760 at 156,854). Put another way, the government's position is more likely to be substantially justified when greater "legal uncertainty" is presented. *SST (Supply and Service Team) GmbH*, ASBCA No. 59630, 18-1 BCA ¶ 36,932 at 179,932 (citing *Rex Sys.*, 02-1 BCA ¶ 31,760 at 156,855).

Substantial justification applies to the entirety of the litigation position and not just the posture on individual issues. Thus, the Supreme Court has held that, "[w]hile the parties' postures on individual matters may be more or less justified, the EAJA – like other fee-shifting statutes – favors treating a case as an inclusive whole, rather than as atomized line-items." *Commissioner, INS v. Jean*, 496 U.S. 154, 161-62 (1990) (citations omitted); *cf. Texas State Teachers Association v. Garland Independent School District*, 489 U.S. 782, 793 (1989) (in other fee-shifting statutes, overall success goes to reasonableness, not availability, of the award).

The government's position regarding substantial justification appears to be that it always recognized that it owed K&K compensation for the cracked hinge casting,

3

but that K&K's failure to properly support its claims deprived the government of its ability to make a reasonable settlement and thus compelled it to engage in this litigation (gov't opp'n at 6). In particular, it argues that two specific failures of K&K to support its claim led to this result: first, K&K supposedly failed to produce a schedule demonstrating that the hinge work was on the critical path to project completion (*id.* at 7); second, the government argues that the consultant fees sought by K&K were apparently for claim preparation and thus it was reasonable for it to dispute them (*id.* at 8). Neither matter makes the government's position substantially justified.

First, with respect to the lack of a critical path analysis, the actual circumstances before the government during contract performance set forth in our decision on the merits made clear that the cracked hinge substantially held up progress on the large scale work on the project. *See K&K*, 18-1 BCA ¶ 37,134 at 180,721-23. The scope of this work, as described in our opinion, was significant and readily apparent. Thus, the government, being present while the work was being performed, did not need a formal critical path analysis to judge that it was responsible for the 21 days of delay, and hewing to this formalism, under these circumstances, was not a substantially-justified position.

Turning to the consulting fees, although we agree that K&K would not have been eligible for an award in the event that the fees were for claim preparation, we held on the merits that the fees awarded were not for such a purpose. 18-1 BCA ¶ 37,134 at 180,724. We did so based upon the timing of the incurred costs (*id.*), which was a fact that would have been known to the government when it denied the claim.

Given the foregoing, a reasonable person could not think that the government's decision to litigate this appeal had a "reasonable basis in law and fact." Thus, we find the government's position not substantially justified. *Pro-Built*, 18-1 BCA ¶ 36,975 at 180,116 (citing *Pierce*, 487 U.S. at 566 n.2; *Rex Sys.*, 02-1 BCA ¶ 31,760 at 156,854).

Request for Enhanced Attorneys' Fees

Notwithstanding the EAJA's limitation of the attorney fee rate to $125 per hour under 5 U.S.C. § 504(b)(1)(A), K&K requests increased rates of $275.00 and $180.00 per hour for attorneys' fees, for a total of $44,322.55 of attorneys' fees and costs directly related to this appeal, due to alleged special circumstances (app. br. at 2). Unlike the portion of the EAJA which permits enhanced attorneys' fees in cases brought before the federal courts pursuant to 28 U.S.C. § 2412(d)(2)(A), the provision of the EAJA applicable to adjudication before administrative agencies, such as the Board, only permits the assessment of fees greater than $125 per hour if an agency regulation provides for it. *See* 5 U.S.C. § 504(b)(1)(A); *Optimum Services, Inc.*, ASBCA Nos. 58755, 59952, 17-1 BCA ¶ 36,816 at 179,431-32. As of the date of this decision, no such regulation has been issued by the Department of Defense, and we

4

consequently possess no authority to award enhanced fees. Accordingly, the hourly rate will not be increased above the statutorily allowed $125 per hour.

K&K's application listed the number of hours worked by attorneys in this appeal as 181.5: 74.8 hours billed at $275.00 per hour and 106.7 hours billed at $180.00 per hour. It also seeks 29.4 hours worked by paralegals and billed at $90.00 per hour (app. br. at 2, ex. 4 at 9). Additional litigation expenses were listed in the amount of $1,900.55, for a total of $44,322.55 related to the appeal (*id.*, ex. 5 at 2). The government has not challenged the reasonableness of the number of hours claimed by K&K (gov't opp'n at 2). Keeping in mind the $125 per hour statutory limit, we award attorneys' fees, paralegal fees, and litigation expenses as follows:

| Type | Rate | Hours | Fees |
|------|------|-------|------|
| Attorneys' Fees | $125/hour | 181.5 | $22,687.50 |
| Paralegal Fees | $90/hour | 29.4 | $2,646.00 |
| Litigation Expenses | | | $1,900.55 |
| TOTAL | | | 27,234.05 |

## Request for Expert Fees

K&K requests $7,900 of incurred costs for its consulting and testifying expert in addition to attorneys' fees (app. br. at 2). The government stipulated that it does not dispute the reasonableness of the consultant expenses (gov't opp'n at 2-3). Accordingly, we grant K&K's request for $7,900 for expert witness fees.

## Travel and Miscellaneous Costs

K&K also requests lay witness travel expenses of $1,777.69 for its witness who testified at the March 8, 2018 hearing in the underlying appeal (app. br. at 2). The government responds that the claimed expenses are not reimbursable under the EAJA and our precedent (gov't opp'n at 3). We have consistently held that fees of lay witnesses are generally not reimbursable, and K&K has not responded to the government's argument, apparently abandoning this request. We thus deny this portion of K&K's application. *See Optimum Servs.*, 17-1 BCA ¶ 36,816 at 179,433 (citing *Walsky Construction Co.*, ASBCA No. 41541, 95-2 BCA ¶ 27,889 at 139,137).

5

## CONCLUSION

K&K has established that it is an eligible party entitled to fees under the EAJA. Conversely, the government has not carried its burden to prove that its defense of this appeal was substantially justified or that special circumstances exist precluding an award. K&K's application for fees and costs under the EAJA is granted. K&K is awarded fees and costs as follows:

| Category | Amount |
|---|---|
| Attorneys' and Paralegal Fees | $25,333.50 |
| Litigation Costs | $1,900.55 |
| Expert Fees & Related Costs | $7,900.00 |
| TOTAL AWARD | $35,134.05 |

Dated: May 16, 2019

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

CHERYL L. SCOTT
Administrative Judge
Acting Vice Chairman
Armed Services Board
of Contract Appeals

6

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals on an application for fees and other expenses incurred in connection with ASBCA No. 61189, Appeal of K&K Industries, Inc., rendered in accordance with 5 U.S.C. § 504.

Dated:

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals